IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BLACKBIRD TECH, LLC D/B/A BLACKBIRD TECHNOLOGIES, | ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No. 16-688-GMS |
| v. | ) ) | |
| WAHOO FITNESS, L.L.C., | ) ) | |
| Defendant. | ) ) | |

## WAHOO FITNESS, LLC'S OPENING BRIEF
## IN SUPPORT OF ITS MOTION TO DISMISS

OF COUNSEL:
**HARNESS, DICKEY & PIERCE PLC**
Matthew L. Cutler (pending *pro hac vice*
admission)
Douglas A. Robinson (pending *pro hac vice*
admission)
7700 Bonhomme Ave #400
St. Louis, MO 63105
(314) 446-7683
drobinson@hdp.com
mcutler@hdp.com

*/s/ Chad M. Shandler*
Chad M. Shandler (#3796)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7836
shandler@rlf.com

*Attorneys for Defendant
Wahoo Fitness L.L.C.*

Dated: October 20, 2016

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... ii

I.    NATURE AND STAGE OF THE PROCEEDINGS ........................................................... 1

II.    SUMMARY OF ARGUMENT ......................................................................................... 1

III.   STATEMENT OF FACTS ................................................................................................ 3

IV.   ARGUMENT ..................................................................................................................... 6

      A.    Applicable Legal Standards ................................................................................... 6

      B.    Blackbird's Complaint Fails to Plausibly Show Wahoo has Directly Infringed
           Any Claim ............................................................................................................. 8

V.    CONCLUSION ............................................................................................................... 12

RLF1 15476123v.3

## TABLE OF AUTHORITIES

**Cases**                                                                                       **Page(s)**

*Apollo Fin., LLC v. Cisco Sys., Inc.*,
   No. 2:15-CV-9696 RSWL (PJWx), --- F. Supp. 3d ----, 2016 WL 3234518
   (C.D. Cal. June 7, 2016) ................................................................................................11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)....................................................................................................1,7

*Atlas IP, LLC v. City of Naperville*,
   No. 15C10744, 2016 WL 3907029 (N.D. Ill. July 19, 2016) ............................................11, 12

*Baraka v. McGreevey*,
   481 F.3d 187 (3d Cir. 2007)...........................................................................................8

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)..............................................................................................1, 7, 10

*Bistrian v. Levi*,
   696 F.3d 352 (3d Cir. 2012)............................................................................................7

*e.Digital Corp. v. iBaby Labs, Inc.*,
   No. 15-cv-05790-JST, 2016 WL 4427209 (N.D. Cal. Aug. 22, 2016)..........................8, 10, 11

*Lyda v. CBS Corp.*,
   No. 2015-1923, --- F.3d ----, 2016 WL 5539875 (Fed. Cir. Sept. 30, 2016)........................7, 8

*Phillips v. Cty. of Allegheny*,
   515 F.3d 224 (3d Cir. 2008)............................................................................................8

*Pragmatus AV, LLC v. Yahoo! Inc.*,
   No. 11-902-LPS-CJB, 2012 WL 6044793 (D. Del. Nov. 13, 2012) ......................................7

*Raindance Techs., Inc. v. 10x Genomics, Inc.*,
   No. 15-cv-152, 2016 WL 927143 (D. Del. Mar. 4, 2016)................................................8, 10

*Robern v. Glasscrafters, Inc.*,
   No. 16-1815, --- F. Supp. 3d ----, 2016 WL 3951726 (D.N.J. July 22, 2016)......................8

**Other Authorities**

Fed. R. Civ. P. 8(a)( 2)........................................................................................................6

Fed. R. Civ. P. 12(b)(6)......................................................................................................6

## I.    NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement action.  Plaintiff Blackbird Tech, LLC d/b/a Blackbird Technologies ("Blackbird") filed the Complaint on August 9, 2016 (D.I. 1) and served defendant Wahoo Fitness L.L.C. ("Wahoo") on August 20, 2016 (D.I. 5).  The Complaint alleges only direct patent infringement of U.S. Patent No. 6,434,212, particularly claim 6 of the patent. Pursuant to a stipulation, the Court extended Wahoo's deadline to move, answer, or otherwise respond to the Complaint to October 20, 2016.  Accordingly, this Rule 12(b)(6) motion to dismiss is timely.

## II.    SUMMARY OF ARGUMENT

1.    Plaintiff Blackbird Technologies' complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because it fails to plausibly allege that Wahoo's accused heart rate monitors calculate distance by multiplying steps times a stride length, as is required by the asserted patent claim.

2.    Since the abrogation of Rule 84 and Form 18 in December 2015 (before Blackbird's complaint was filed), the applicable pleading standard for allegations of direct patent infringement[1] is that articulated by the Supreme Court in the *Twombly*[2] and *Iqbal*[3] decisions.  In the context of patent infringement allegations, this means a plaintiff must *plausibly* allege the accused products (Wahoo's TICKR X and TICKR Run heart rate monitors) meet all limitations of at least one patent claim.  A plausible claim for relief is more than a "conceivable" or "speculative" assertion that all limitations are met.

---

[1] Blackbird's complaint alleges only direct patent infringement.  It does not allege contributory infringement or inducement to infringe, nor does it allege willful infringement, and it does not contain any non-patent counts.

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

1

3.      Blackbird's complaint identifies one specific claim ("Claim 6") of one patent (U.S. Patent 6,434,212) as infringed.  The '212 patent describes a pedometer, which is a personal exercise monitor.  Among other limitations, Claim 6 requires that the pedometer include "a data process programmed to calculate a distance travelled by *multiplying a number of steps counted by a stride length that varies according to a rate at which steps are taken*, and further programmed to derive an actual stride length from a range of stride lengths calculated from a range of corresponding stride rates." (emphasis added).

4.      Blackbird's complaint fails because it (including the attached exhibits) does not present any plausible basis to believe that Wahoo's devices calculate distance by multiplying steps counted by a stride length.  In fact, although Blackbird's complaint cites exhibits in support of its allegations that Claim 6's other limitations are purportedly met, Blackbird's allegation as to the above-referenced claim limitation, which requires the device to calculate distance by multiplying the number of steps by a user's calculated stride length, does not.  With respect to that limitation, the complaint simply refers back to the other allegations (concerning other claim limitation), asserting that, as a matter of logic, the last limitation must be met because the prior limitations are (allegedly) present.  Blackbird uses faulty logic, because those other allegations provide no support for Blackbird's conclusion as to the specific method by which Wahoo's devices calculate distance.  Specifically, Blackbird's syllogism fails because it assumes, without basis, that the only way to calculate distance is by multiplying steps by stride length, as required by the claim.  Indeed, if necessary, Wahoo will demonstrate that its devices calculate distance in a substantially different way.

5.      Blackbird's complaint at best is based on the idea that it is *conceivable* Wahoo's accused products could have used the patent claim's steps-times-stride length limitation (instead

of using one of many other mathematical operations to keep track of distance).  But controlling Supreme Court law (*Twombly/Iqbal*) directs that speculative conceivability is insufficient to state a claim for relief.  The Court should therefore dismiss Blackbird's complaint.

## III.   STATEMENT OF FACTS

Blackbird's Complaint alleges infringement of U.S. Patent No. 6,434,212 ("the '212 patent"), which is entitled "Pedometer."  The patent's approach to calculating distance traveled by stride length is particularly relevant to this motion.  In its complaint, Blackbird explains the patent's use of stride length as follows:

> 15.    With respect to foot travel, the length of a person's stride (stride length) generally varies with how many strides the person is taking over a given period of time (stride rate).  Moreover, the relationship between stride length and stride rate itself varies from person to person.  Improvements claimed in the 212 Patent resulted from the inventor conceiving of *specific design configurations for pedometers* and other exercise monitoring devices that could effectively utilize these relationships *to improve the accuracy of distance calculations by enabling the device to efficiently account for changes in a user's pace during a workout without losing accuracy in distance calculation*.  For example, pedometers and other exercising monitoring devices claimed in the 212 Patent include data processors, step counters, transmitters, and receivers arranged and programmed in specific ways in order to apply the relationship between stride length and stride rate and to accommodate the varying nature of that relationship across individuals, and ultimately in order to improve accuracy.  Pedometers and other exercising monitoring devices claimed in the 212 Patent optionally further improve componentry for supporting, performing, and utilizing a calibration function that effectuates the inventor's recognitions about variations in stride by analyzing input signals and performing calculations based on those signals.

D.I. 1, ¶ 15 (emphases added).  The '212 patent's Abstract and Summary of the Invention likewise explain this alleged improvement, explaining the patented pedometer calculates distance in a specific way:  by multiplying the distance travelled based on the number of steps a user takes and based on the pedometer's calculation of a user's actual stride length.

> The pedometer having improved accuracy by *calculating actual stride lengths of a user based on relative stride rates*.  The pedometer includes a waist or leg mounted stride counter, a transmitter for transmitting data to a wrist-mounted display unit, and a data processor for calculating necessary base units and actual

> stride rates and lengths. The pedometer can also interact with a heart monitoring device.

D.I. 1-1, Abstract (emphasis added).

> The invention also includes a method for calculating an actual stride length including steps of: timing a first user run of a predetermined distance; counting the total number of strides in the user first run; dividing the first run distance by the stride count to obtain a base stride length; dividing the stride count by the first run time to obtain a base stride rate; counting strides during a user's second run to obtain an actual stride rate; calculating the actual stride length using the formula: Actual Stride Length=Base Stride Length+Base Stride Length *(((Actual Stride Rate – Base Stride Rate)N)/Base Stride Rate; wherein N is an average value or a derived value.

D.I. 1-1, col. 2, lines 40–51.

Claim 6 is the only claim specifically alleged in the Complaint. Claim 6 also requires calculation of the user's actual stride length, and multiplying it by the number of steps to obtain distance.

> A Pedometer comprising;

>> a step counter;

>> a transmitter in communication with the step counter to generate a step count signal corresponding to each step and transmit the step count signal;

>> a receiver mountable on a user body portion to receive the step count signal transmitted from the transmitter; and

>> **a data processor programmed to calculate a distance traveled by multiplying a number of steps counted by a stride length that varies according to a rate at which steps are taken, and further programmed to derive an actual stride length from a range of stride lengths calculated from a range of corresponding stride rates.**

D.I. 1-1, col. 8, lines 5–19 (emphasis added).

Blackbird's Complaint alleges that two Wahoo heart rate monitors, the TICKR Run and TICKR X, infringe the '212 patent. Blackbird alleges only direct infringement. D.I. 1, ¶¶ 10–38. Blackbird's Complaint does not allege indirect infringement (contributory infringement or inducement to infringe), and does not allege willful infringement. *Id.* As to the TICKR Run,

Blackbird's Complaint includes the following allegations (the bolded paragraph relates to the distance calculation limitation). *Id.* ¶¶ 17–25. This is the Complaint's only attempt to compare the TICKR Run to any claim's language.

> 18.     The TICKR Run is a pedometer with a step counter. Ex. 2 (Wahoo TICKR web page); Ex. 8 (TICKR Run Features); Ex. 6 (TICKR Run FAQ).

> 19.     The TICKR Run, at least in treadmill mode, tracks "distance," therefore it must include a transmitter in communication with the step counter to generate a step count signal corresponding to each step and transmit the step count signal as well as a receiver to receive the step count signal from the transmitter. Ex. 2 (Wahoo TICKR web page); Ex. 3 (App Screen Grab 1); Ex. 6 (TICKR Run FAQ).

> 20.     The receiver is mountable on a user body portion. Ex. 2 (Wahoo TICKR web page).

> 21.     The TICKR Run includes a data processor programmed to calculate the distance travelled by the user. Ex. 2 (Wahoo TICKR web page); Ex. 3 (App Screen Grab 1); Ex. 5 (TICKR Run Instructions).

> 22.     For instance, according to Wahoo, the TICKR Run tracks distance data on a treadmill after a calibration. Ex. 2 (Wahoo TICKR web page); Ex. 3 (App Screen Grab 1).

> 23.     Wahoo recommends a 6-minute calibration, including 2 minutes at an easy pace, 2 minutes at a moderate pace, and 2 minutes at a fast pace, as "more accurate." Ex. 3 (App Screen Grab 1); Ex. 4 (App Screen Grab 2).

> **24.     As such, the device, at least in some modes, multiplies the number of steps counted by the step counter by a stride length that varies in accordance with a stride rate and is further programmed to derive an actual stride length from a range of stride lengths calculated from a range of corresponding stride rates.**

> 25.     As such, at least claim 6 of the 212 Patent reads on the TCKR [sic] Run.

Blackbird's Complaint makes the same allegations with respect to the TICKR X accused product. D.I. 1, ¶¶ 26–35 (emphasis added).

In contrast, Wahoo product literature submitted by Blackbird with the Complaint explains that in both accused products, a "Built-in accelerometer measures running form from across three dimensions to help you improve your individual form and become a stronger runner." D.I. 1–7 (For TICKR X, at "Running Smoothness™"); D.I. 1-8 (for TICKR Run, at "Running Smoothness™"). Another Wahoo website printout, attached to the Complaint as Exhibit 6, further explains "Running smoothness is calculated from 3-axes accelerometer data. It is calculated from the rate of change of the acceleration (in physics this is defined as 'jerk') in all three directions." D.I. 1-6. Also in both the TICKR Run and TICKR X, "Cadence Measurement" "Replaces a traditional footpod by providing stride rate data." D.I. 1-7, D.I. 1-8. Indeed, it is this cadence measurement that is at the heart of Wahoo's proprietary technology for calculating distance traveled. By replacing the "traditional footpod" (like the "step counter" described and claimed in the '212 patent), Wahoo has achieved a more accurate way of calculating distance, that has other side-benefits described in the exhibits to Blackbird's Complaint. In short, nothing in any of the Complaint's exhibits indicates that the accused products calculate distance based on actual stride length multiplied by step count.

## IV. ARGUMENT

### A. Applicable Legal Standards

Pleadings are governed by Federal Rule of Civil Procedure 8(a), which requires the pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has directed that under Rules 8(a)(2) and 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his

6

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Rather, to survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* That is, the complaint's factual allegations must "raise a right to relief above the speculative level" and cross "the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. In the Third Circuit[4], courts analyze the sufficiency of a complaint under *Twombly* and *Iqbal* through a three-step analysis:

> First, we outline the elements a plaintiff must plead to [ ] state a claim for relief. Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. Finally, we look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief. This last step is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (citations and internal quotation marks omitted).

---

[4] Although the Federal Circuit has exclusive appellate jurisdiction over patent cases, regional circuit law applies to motions to dismiss under Rule 12(b)(6). *Lyda v. CBS Corp.*, No. 2015-1923, --- F.3d ----, 2016 WL 5539875, at *3 (Fed. Cir. Sept. 30, 2016); *Pragmatus AV, LLC v. Yahoo! Inc.*, No. 11-902-LPS-CJB, 2012 WL 6044793, at *2 n.1 (D. Del. Nov. 13, 2012).

In evaluating the sufficiency of a pleading, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). However, this applies only to factual allegations; a court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). Further, Federal Rule of Civil Procedure 84 was abrogated on December 1, 2015. *Lyda*, 2016 WL 5539875, at *4 n.2. As a result, a complaint's compliance with Form 18 no longer provides a safe harbor where the complaint fails the *Twombly/Iqbal* standard. *Id.*; *Robern v. Glasscrafters, Inc.*, No. 16-1815, --- F. Supp. 3d ----, 2016 WL 3951726, at *4 (D.N.J. July 22, 2016).

Specifically in the context of patent cases, "[s]everal courts applying the *Twombly* pleading standard to claims of direct patent infringement since the abrogation of Form 18 have required plaintiffs to plausibly allege that the accused product practices each of the limitations found in at least one asserted claim." *e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-cv-05790-JST, 2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016) (collecting cases, including *Raindance Techs., Inc. v. 10x Genomics, Inc.*, No. 15-cv-152, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016) (finding it in the "best interest of justice" to apply the "post-December 1, 2015 direct infringement pleading standard" to the complaint)). "This is because 'the failure to meet a single limitation is sufficient to negate infringement of [a] claim.'" *Id.* (quoting *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991)).

**B.      Blackbird's Complaint Fails to Plausibly Show Wahoo has Directly Infringed Any Claim**

Blackbird's complaint fails to plausibly allege that the TICKR Run and TICKR X **"calculate a distance traveled by multiplying a number of steps counted by a stride length**

**that varies according to a rate at which steps are taken, and further programmed to derive an actual stride length from a range of stride lengths calculated from a range of corresponding stride rates"** as is required by Claim 6.  Rather, Blackbird's only allegation to this point is a speculative, conclusory allegation that the devices "in some modes" calculate distance by multiplying steps by a calculated stride length.  To this limitation, the complaint alleges:

> **As such, the device, at least in some modes, multiplies the number of steps counted by the step counter by a stride length that varies in accordance with a stride rate and is further programmed to derive an actual stride length from a range of stride lengths calculated from a range of corresponding stride rates.**

D.I. 1, ¶ 24.  It is notable that paragraph 24 contains no citation to any exhibit, unlike the preceding Complaint paragraphs.  The "as such" in paragraph 24 refers to preceding paragraphs 18–23, but paragraph 24 does not logically follow from those paragraphs.[5]  Paragraph 18 simply says the TICKR Run is a pedometer with a step counter.  Paragraph 19 adds that it tracks distance, "at least in treadmill mode."  Per paragraph 20, the receiver can be mounted on a user body portion.  Paragraph 21 adds that the product tracks distance.  Paragraph 22 builds on paragraph 21 by asserting "for instance" the product tracts distance in treadmill mode.  Paragraph 23 adds that Wahoo recommends a six minute calibration that includes easy, moderate, and hard paces.

None of that provides any basis to speculate, as Blackbird does, that the Wahoo product calculates stride length, and multiplies it by number of steps, to obtain distance.  Rather, at best,

---

[5] Paragraphs 18–24 related to the TICKR Run accused device.  Paragraphs 27–34 contain the same allegations, but against the TICKR X products.  Thus, Wahoo's arguments as to the TICKR Run also apply to the allegations against the other accused product, the TICKR X.

Blackbird's complaint allegations are simply that it is *conceivable* that the Wahoo products calculate distance in this way.[6] But conceivability does not meet the *Twombly/Iqbal* standard.

As a result, Blackbird's allegations as to the step count times stride length limitation fail to cross "the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Indeed, other courts have dismissed complaints with similarly speculative infringement claims. For example, in *Raindance Technologies, Inc. v. 10x Genomics, Inc.*, 2016 WL 927143, at *2-3 (D. Del. Mar. 4, 2016), this Court dismissed a patent infringement complaint as insufficient under the *Twombly/Iqbal* standard because the specific factual allegations failed to plausibly show each element of an asserted patent was met. As to an asserted method claim, the Court explained

> "Whether Plaintiffs' collection of factual assertions alleges infringement of this claim is hazier to me. It is not obvious to me that what Plaintiffs describe is an 'autocatalytic reaction.' The requirements of the next to last element might be met, but involves quite of bit of supposition. I think, but am not sure, that partitioning samples is the same as amplification. I think I see (in the simple explanations of Defendant's product) a microfluidic system, two channels, a junction, a substrate molecule, a reagent, and oil."

*Id.* at *2.

In *e.Digital Corp. v. iBaby Labs, Inc.*, 2016 WL 4427209, at *4 (N.D. Cal. Aug. 22, 2016), the Northern District of California applied the *Twombly/Iqbal* standard in dismissing a claim for infringement by accused baby monitors. Defendant argued that the "FAC [first amended complaint] does not allege any facts suggesting that the accused products practice the limitation requiring the 'retrieving from a memory the determined one social template having the greatest correspondence.'" *Id.* at *5. The Court agreed that "[w]hile e.Digital has attempted to

---

[6] In fact, the Wahoo products do not operate this way. If necessary, Wahoo will present evidence that in running mode, the devices calculate distance based on the time the foot is in contact with the ground, and converting ground contact time to speed, which can be used with travel time to calculate distance. In the other mode (walking mode), distance is calculated by determining cadence (detected by an accelerometer), and then using a calibration equation to convert cadence to speed.

yp

map most of the elements in the exemplary claim onto its description of the accused products in the FAC, e.Digital has not attempted to map this limitation onto any allegations in the FAC. Moreover, based on the Court's own independent review, it cannot discern how the FAC could be said to plausibly allege this limitation." *Id.* (citation omitted).

In *Apollo Finance, LLC v. Cisco Systems, Inc.*, No. 2:15-CV-9696 RSWL (PJWx), --- F. Supp. 3d ----, 2016 WL 3234518 (C.D. Cal. June 7, 2016), the Court held the pleading failed to meet the *Twombly/Iqbal* standard.   Plaintiff argued the complaint was sufficient because "Plaintiff's complaint specifically identifies [Defendant's] infringing products, stating 'through the use and sale of the Cisco Web-Ex Product and related products, [Defendant] infringes the '038 patent'" and

> Plaintiff notes, '[p]resumably, [Defendant] knows what its own WebEx product is, leaving one to wonder what more specificity would add additional notice or clarity.   [Plaintiff] needs additional information, which it expects to obtain through discovery, to finalize its infringement contentions." *Id.* at *3.  The Court was not sympathetic to Apollo's reference to the need for discovery, finding that argument "unpersuasive, and in fact, indicative that Plaintiff is not clear on what the Accused Products are, or how, if at all, they may be infringing on the '038 Patent.

> *Id.*

By way of further example, in *Atlas IP, LLC v. City of Naperville,* No. 15C10744, 2016 WL 3907029 (N.D. Ill. July 19, 2016), the Northern District of Illinois held a complaint for infringement of a patent on a medium access control protocol for a wireless network did not plausibly state a claim under the *Twombly/Iqbal* standard.   Specifically, the Court held the pleading deficient for two reasons:

> First, the "powering off" limitation is alleged in the complaint in the conclusory allegation that "a smart meter has the ability to power off" without any other factual support. This deficiency is underscored by a lack of any allegation that the accused smart meter powers off or has the ability to power off "by using the cycle establishing information transmitted from the hub," which is the other part of the

11

"powering off" claim limitation. Additionally, the "frame" limitation is alleged only that "the Gatekeeper transmits at least one frame of data to a smart meter...". This allegation, too, is far too conclusory to survive dismissal under *Twombly/Iqbal*.

*Id.* at *3 (citations omitted).

## V.      CONCLUSION

Blackbird's complaint fails to plausibly allege that Wahoo's accused devices meet Claim 6's stride length limitation.  Because the complaint only alleges infringement of Claim 6, and because the complaint makes no specific allegation as to how the accused devices can infringe by equivalents, Blackbird has failed to state a claim for direct infringement.  Further, Blackbird's complaint contains no allegation of indirect infringement.  Accordingly, Blackbird's complaint fails to state a claim for patent infringement, and should be dismissed under Rule 12(b)(6).

OF COUNSEL:
**HARNESS, DICKEY & PIERCE PLC**
Matthew L. Cutler (pending *pro hac vice* admission)
Douglas A. Robinson (pending *pro hac vice* admission)
7700 Bonhomme Ave #400
St. Louis, MO 63105
(314) 446-7683
drobinson@hdp.com
mcutler@hdp.com

/s/ Chad M. Shandler
Chad M. Shandler (#3796)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7836
shandler@rlf.com


*Attorneys for Defendant*
*Wahoo Fitness L.L.C.*


Dated:  October 20, 2016